COURT OF APPEALS
DECISION
DATED AND FILED

June 25, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2019AP13-CR**

STATE OF WISCONSIN

Cir. Ct. No.  2013CF335

IN COURT OF APPEALS
DISTRICT IV

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

ROBERT A. WASHINGTON,

    DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Dane County:  RHONDA L. LANFORD, Judge.  *Affirmed*.

Before Blanchard, Graham, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Robert Washington appeals a judgment of conviction for one felony count of pandering or pimping and an order denying his motion for postconviction relief. The basis for Washington's postconviction motion is that the court reporter failed to transcribe the circuit court's reading of the jury instructions; Washington asserts that his right to appellate review has been frustrated by the absence of the transcript. The dispositive issue is whether the record was sufficiently reconstructed by the circuit court. We conclude that it was, and therefore we affirm.

¶2 The parties agree that the operative test is set forth in *State v. Perry*, 136 Wis. 2d. 92, 401 N.W.2d 748 (1987). The first part of the test is whether Washington showed a "colorable need" for the transcript, *id.* at 108, and we assume, without deciding, that he has. The next steps are whether the record can be reconstructed and, if an attempt is made to do that, whether it was reconstructed beyond a reasonable doubt. *Id.* at 101-02. If it has not been reconstructed, the defendant is entitled to a new trial. *Id.* at 102.

¶3 In this case, the parties agreed on the jury instructions that would be read to the jury, and a copy of the written jury instructions was entered into the trial record. In the proceedings on Washington's postconviction motion, the parties submitted affidavits by the prosecutor and defense attorney who tried the case. Both attorneys stated that it was their normal practice to read the instructions along with the court, but they did not have a specific recollection of doing so in this case, and defense counsel acknowledged that he may have been preparing his closing argument. The circuit court did not hold an evidentiary hearing. Based on the affidavits and the court's own usual practice of reading the jury instructions verbatim, the court concluded that the instructions were read correctly.

¶4 On appeal, Washington argues that the record was not reconstructed beyond a reasonable doubt. However, his argument is not well developed. He does not specify any particular flaw in the circuit court's method of reconstruction.

¶5 We are satisfied that the record was reconstructed beyond a reasonable doubt. The court relied on its own regular practice of reading directly from the written instructions, which are preserved in the record, and on the affidavits of the attorneys who averred that their regular practice was to read those along with the court's oral reading. Neither attorney recalled the court's reading as differing from the written instruction.

¶6 Our confidence in this method of reconstruction is particularly high under these circumstances, due to the nature of the act of reading instructions to the jury. In so doing, the circuit court is essentially reading from a script, and here the script has been preserved. This is not a situation like witness testimony or argument where the speakers are often improvising and no written record has been preserved other than brief descriptions in the court minutes. Accordingly, we conclude that the court properly accepted the written jury instructions as a reconstruction of the court's oral reading of the instructions.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2017-18).